CHARLES E. WRIGHT v. JOSEPH CORRERO.

COCO-COLA v. KOCA-NOLA.

[47 South. 379.]

</div>

TRADE-MARKS. *Trade names. Property right. Action. Injunction.*

> There is a common-law property right in a trade-mark, and, if used or imitated by others, an action will lie and in proper cases restraint by injunction may be had.

FROM the chancery court of Sunflower county.

HON. M. E. DENTON, chancellor.

Wright, appellee, was complainant in the court below; Correro, appellant, was defendant there. From a decree overruling

a demurrer to complainant's bill defendant appealed to the supreme court.

Wright, the complainant, obtained an injunction against the defendant, Correro, alleging that complainant was engaged in the manufacturing and bottling of coca-cola and other like beverages, had invested several thousand dollars in the business, and, by hard labor and fair dealings, had built up a valuable business; that coca-cola is bottled and sold by him under a contract with the Coca-Cola Bottling Company, a non-resident corporation, whereby complainant was given the sole and exclusive privilege of bottling and selling coca-cola, in a designated district in Mississippi; that the name, "coca-cola" is a registered trade name or trademark, under the laws of the United States; that the bottles used by complainant in the business had complainant's trade name, "C. E. Wright Ice & Coal Company" blown in the bottles, together with the words, "This bottle never sold;" that he required dealers in the district to whom he sold coco-cola to return the bottles.  That defendant had established a small bottling plant within the said territorial district, and without right had obtained large quantities of complainant's bottles, and was putting up and selling, in the aforesaid district, an inferior drink in complainant's aforesaid bottles, these bottles, when thus filled by defendant, being capped with tin caps similar to the caps used by complainant in bottling coca-cola, with this exception; that instead of using the words, "coca-cola;" the defendant had printed on these tin caps the words, "koca-nola;" and that such acts of defendant constitute infringement of the property rights of the complainant whereby he was wrongfully injured.  One of the grounds of the demurrer was that the bill failed to show that complainant has a "patent right on the bottles mentioned in the bill, or that he has a properly registered trademark on the same, so as to entitle him to the sole and exclusive use of the same."  Another ground of demurrer was that the relief prayed for is in restraint of trade, seeking to

prevent legal competition and thereby create a monopoly in complainant's favor, in violation of law.

*Frank E. Everett,* for appellant.

Before appellee can legally have appellant restrained from the use of the bottles mentioned in the original bill, appellee's bill must show that appellee is vested with a property right in the bottles and that he is entitled to the sole and exclusive use of the same; and, to comply with this requirement, the bill must show a patent right, as to the bottles mentioned, in appellee's favor.

A patent right is granted for the purpose of giving the party who obtains it the sole and exclusive right to the use of the instrument or article patented. And unless a bill of complaint avers a patent right, and shows that the complainant has the sole and exclusive right to the use of the article mentioned in the bill, the bill is demurrable.

The appellee's bill fails to show that the trademark, mentioned therein, is property registered. Under the act of congress, passed March 3, 1881, chap. 138, § 11, if the trademark is to be used on goods intended for foreign commerce or for sale to the Indian tribes, the trademark must be registered, otherwise an action for its infringement cannot be sustained. *United States v. Koch,* 5 L. R. A. 130. Where the complainant and the defendant are citizens of the same state, the bill of complaint must show whether or not the trademark in controversy is used on goods intended to be transported to a foreign country or on goods intended to be used within that state or the United States, and upon complainant's failure to make such allegation in the bill, the same is demurrable. *Ryder v. Holt,* 128 U. S. 525.

*Gwin & Mounger,* for appellee.

The appellant evidently has a misconception of the allegations of the bill. The bill distinctly shows that the bottles used

by appellant are appellee's property, and the appellant's demurrer admits this to be true. Yet, appellant contends that the bill fails to show a property right in appellee. It is a startling proposition, contended for by appellant, that the bill should show "a patent right on the bottles."

The authorities cited by appellant have no bearing on this case. They merely hold that the federal courts are without jurisdiction in trademark cases, unless the necessary allegations, mentioned in appellant's brief, are set forth in the bill. Whenever the property right in a trademark has been violated, or one person has so dressed his goods as to deceive the public into the belief that they are the goods of another person, and so puts such goods on the market to the manifest injury of such other person and of the public, an action at law for damages will lie; or, to save multiplicity of suits, equity will intervene and restrain the infringement or the unfair and fraudulent competition. Congress and also many of the states, have enacted statutes to secure these rights, but the legal and equitable remedies are of common-law origin rather than creatures of national statute-law. 21 Encyc. Pl. & Pr. 752; *United States v. Steffins,* 100 U. S. 82, 25 L. Ed. 550; 1 L. R. A. 44, notes.

The remedy at law is not adequate. The appellant not only persists in confiscating the bottles and shipping cases belonging to appellee and bearing thereon appellee's name, but he passes off his own goods to purchasers as though they were appellee's, and a court of equity has jurisdiction to restrain such conduct. *McLean v. Fleming,* 96 U. S. 245, 24 L. Ed. 828; *Taylor v. Carpenter,* 11 Paige (N. Y.), 292; 42 Am. Dec. 114.

CALHOON, J., delivered the opinion of the court.

There is a common-law property right in a trademark, and, if used or imitated by others, an action will lie, and restrain by injunction may be had. *McLean v. Fleming,* 96 U. S. 245, 24 L. Ed. 828; 21 Ency. Pl. & Pr. 752; *U. S. v. Steffens,* 100 U. S. 82, 25 L. Ed. 550. These authorities are cited by counsel for appellee.

The other grounds of demurrer arise out of a misconception of the bill, which does show that the proceeding is against Correro individually, and by the appellee as an individual. The bill also shows that the bottles used by appellant are complainant's property, and the demurrer admits that to be the fact.

Affirmed and remanded, and the appellant is allowed thirty days to answer from the date when the mandate is filed below.

*Affirmed.*